IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY BRYANT,<br>　　*Plaintiff*, | §<br>§<br>§ | Civil Action No. 4:23-cv-00777 |
| vs. | §<br>§ | |
| TEXAS CITY INDEPENDENT<br>SCHOOL DISTRICT,<br>　　*Defendant*. | §<br>§<br>§ | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Texas City Independent School District ("Texas City ISD" or the "District") moves to dismiss the original complaint filed by Plaintiff Larry Bryant, as follows:

## NATURE AND STAGE OF PROCEEDING

Bryant formerly worked for Texas City ISD as a bus driver. The District terminated his employment after he was involved in an accident on District property and then refused to accompany his supervisor to the required post-accident drug and alcohol testing. Bryant claims that the District terminated him because of his religion, and alleges that his supervisor "ordered [him] to ride in a car with someone who is suspect placing [him] at risk with health [and] religious morals." [*See* Dkt. No. 1, ¶¶ 6–7]. He further claims that he experienced "retaliation, coercion, harassment, unfair treatment, disregard to health risks (personal [and] moral beliefs) [and] humiliation." [*Id.* at ¶ 6]. These conclusory allegations are not supported by any facts and, even under a less stringent standard of review for *pro se* litigants, Bryant has failed to state a valid claim. The District therefore moves to dismiss the complaint.

## ISSUE PRESENTED AND STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017,

1021 (5th Cir. 1994); *see also Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.").

While a court will accept a plaintiff's factual allegations as true for purposes of a Rule 12(b)(6) motion to dismiss, the factual allegations must exist. Formulaic recitations of a claim's bare elements are not sufficient to state a valid claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("'[T]he tenet that a court must accept as true all of the allegations contained in [a pleading] is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). To survive dismissal, a complaint must allege *facts* specific enough to raise the claimed right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Simply put, "naked assertion[s] devoid of further factual enhancement" are not sufficient to withstand Rule 12(b)(6) scrutiny. *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). To properly plead a claim, the plaintiff must not only give a defendant fair notice of the claim being asserted, but also "the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and quotations omitted); FED. R. CIV. P. 8(a)(2).

Although courts "construe pleadings filed by *pro se* litigants under a less stringent standard of review . . . '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Williams v. Johnson*, 2019 WL 2103111, *2 (S.D. Tex. May 13, 2019) (quoting *Iqbal*, 556 U.S. at 678); *see also McReynolds v. Bell Trexton, Inc.*, 2022 WL 2759848, * 2 (N.D. Tex. Jun 29, 2022) (slip op.) ("Thus, even for *pro se* pleadings, '[t]o state a claim, a pleader must allege facts, not legal conclusions.'") (quoting *Hanson v. Town of Flower Mound*, 679 F.2d 497, 504 (5th Cir. 1992)); *Cobos v. Donaldson*, 2015 WL 13344118, *3 (W.D. Tex. Dec. 21, 2015) ("Even though pleadings by a *pro se* litigant are held to a less stringent standard, courts must be able to draw the reasonable inference from the pleadings that the defendant is liable for the misconduct alleged.").

Here, Bryant has failed to plead any facts suggesting that the District discriminated or retaliated against him *because of* his religion or any other protected characteristic or activity. Should the Court dismiss Bryant's complaint for failure to state a claim?

## **ARGUMENT AND AUTHORITIES**

The complaint is devoid of any facts suggesting that the District terminated Bryant or subjected him to a hostile work environment because of his religion. There are likewise no facts suggesting that the District did anything else to discriminate or retaliate against Bryant based on any protected characteristic or activity. Because the allegations in Bryant's complaint are not specific enough to raise any claimed right to relief above the speculative level, the Court should dismiss Bryant's claims under Rule 12(b)(6).

**I.    Bryant Pleads No Facts Suggesting that the District Terminated Him Because of His Religion.**

All that Bryant alleges in support of his claim that the District terminated him because of his religion is the following:

> As a school bus driver on September 1, 2022 as a result of a minor accident on Dept grounds, the director made distu[r]bing, harassing phone calls to my phone [and] later ordered me to ride in a car with someone who is suspect placing me at risk with health [and] religious morals.

[Dkt. No. 1, ¶ 7].

A *prima facie* case of religious discrimination based on disparate treatment requires a plaintiff to show that (i) he was a member of a protected class; (ii) he was qualified for his position; (iii) he was subject to an adverse employment action; and (iv) he was treated less favorably than similarly situated employees outside the protected class. *See Toronka v. Continental Airlines, Inc.*, 411 Fed. App'x 719, 723 (5th Cir. 2011). Alternatively, to establish a *prima facie* case of discrimination based on an alleged failure to accommodate religious beliefs, "a plaintiff must establish that he had a *bona fide* religious belief that conflicted with an employment requirement, that he informed the employer of his belief, and that he

was discharged for failing to comply with the conflicting employment requirement." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 273 (5th Cir. 2000). "Bona fide religious beliefs include moral or ethical beliefs as to which is wrong and wrong which are sincerely held with the strength of traditional religious views." *Davis v. Ft. Bend Cnty.*, 765 F.3d 480, 485 (5th Cir. 2014) (citations omitted).

Under either theory, Bryant has failed to state a claim. Bryant pleads no facts suggesting that he was a member of a protected class or that he was treated less favorably than similarly situated employees outside of his protected class, which means that he has failed to state a disparate treatment claim. He has also failed to state a failure-to-accommodate claim because pleads no facts suggesting that he had a *bona fide* religious belief that conflicted with a job-related requirement, that he informed anyone at the District of such a belief, or that he was discharged for failing to comply with a conflicting job-related requirement. In fact, the complaint says nothing about Bryant's religion or his religious beliefs (*bona fide* or otherwise), and it is entirely unclear what is meant by the allegation that he was ordered to ride in a car with "someone who is suspect," or how that placed him "at risk with health [and] religious morals." [*See* Dkt No. 1, ¶ 7].

Bryant has not even parroted the essential elements of a religious discrimination claim, much less alleged sufficient facts to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Because the complaint does not satisfy even the most liberal pleading standard, the Court should grant the District's motion to dismiss.

## II. Bryant Pleads No Facts Suggesting that the District Subjected Him to a Hostile Work Environment or Otherwise Discriminated Against Him Because of His Religion.

Bryant claims that he experienced "coercion, harassment, unfair treatment, disregard to health risks (personal [and] moral beliefs) [and] humiliation." [Dkt. No. 1, ¶ 6]. Other than the vague allegations noted above, the only statement that Bryant arguably makes in support of his claim (which the District primarily construes as an allegation of a hostile work environment) is:

> Note: The Transportation Director previously fired me in Feb 2022 w/ baseless whereas [sic] HR reversed the termination [and] reinstated my job as a bus driver.

[*Id.* at p. 2].

As an initial matter, to the extent that any of Bryant's claims are premised on the contention that he was "previously fired" and then "reinstated" more than a year ago, such claims are moot, Bryant would lack Article III standard to pursue them, and the Court would lack subject-matter jurisdiction to consider them. *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) ("[M]ootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff."); *La. Env't Action Network v. U.S. Env't Prot. Agency*, 382 F.3d 575, 580 (5th Cir. 2004) ("If a dispute has been resolved, or if it has evanesced because of changed circumstances, it is considered moot."); *see also N. Carolina v. Rice*, 404 U.S. 244, 246 (1976) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions."); FED. R. CIV. P. 12(b)(1).

Otherwise, general mistreatment in the workplace is not actionable under Title VII. To state a valid "hostile work environment" claim stemming from a supervisor's conduct, Bryant must allege sufficient facts demonstrating that (i) he is member of a protected group; (ii) he was the victim of unwelcome harassment; (iii) the harassment was based on his protected characteristic; and (iv) the harassment affected a "term, condition, or privilege" of his employment. *See Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2441 (2013); *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). In other words, harassing conduct is not actionable unless the conduct was directed at Bryant *because of* his protected status. Further, for harassment to affect a "term, condition, or privilege of employment," it must be sufficiently "severe or pervasive to alter the conditions" of Bryant's work environment and create an objectively abusive or hostile working environment. *Hernandez*, 670 F.3d at 651; *see also Vance*, 133 S. Ct. at 2441. The work environment must be "permeated" with "discriminatory intimidation, ridicule, and insult." *Lee v. Reg'l Nutrition Assistance Inc.*, 471 Fed. App'x 310, 311 (5th Cir.

2012). Isolated incidents will not support a claim. *Id.* In determining whether the environment has become hostile, courts look at the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Hernandez*, 670 F.3d at 651.

The limited allegations in the complaint are vague and conclusory, and do not plausibly suggest that the District subjected Bryant to harassment or otherwise discriminated against him *because of* his religion. Nor do they plausibly suggest that Bryant's work environment was "permeated" with "discriminatory intimidation, ridicule, and insult," as required to state a valid hostile work environment claim. Bryant's conclusory statements are not entitled to the presumption of truth, and any harassment claims should be dismissed.

### III. Bryant Pleads No Facts Suggesting that the District Retaliated Against Him.

Along with the other conclusory claims detailed above, Bryant also asserts a retaliation claim against the District. [Dkt. No. 1, ¶ 6]. To state a valid Title VII retaliation claim, a plaintiff must allege that (i) he engaged in activity protected by Title VII, (ii) he suffered an adverse employment action, and (iii) there was a causal link between the adverse action and the protected activity. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). In this context, "protected activity" includes "oppos[ing] [] any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Comms., Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)

Bryant failed to allege any facts suggesting that he engaged in *any* protected activity, much less protected activity within the meaning of Title VII. He also failed to allege any facts suggesting a causal link between his termination (or any other alleged adverse employment action) and any protected activity. *See generally Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001) ("A causal link is established when the evidence demonstrates that the employer's decision to terminate was in part on

knowledge of the employee's protected activity."). Even if Bryant did engage in some (unidentified) protected activity, there are no facts from which the Court could infer that any (unidentified) decision-maker involved in his termination (or some other unidentified adverse employment action) had knowledge of such activity.

Any retaliation claims should, therefore, be dismissed.

## CONCLUSION

Defendant Texas City Independent School District respectfully requests that Plaintiff Larry Bryant's claims be dismissed, and that the Court grant the District all such other and further relief, both at law and in equity, to which it may be entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ Stephanie A. Hamm
Stephanie A. Hamm, Attorney-In-Charge
Texas Bar No. 24069841
shamm@thompsonhorton.com
Dena Moghtader
Texas Bar No. 24127997
dmoghtader@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas  77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      On March 24, 2023, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Larry Bryant
6806 Anderson Street
Texas City, Texas 77591
***Via First Class Mail and CMRRR***

By: /s/ Stephanie A. Hamm
      Stephanie A. Hamm